UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLA COTTONE,

                Plaintiff,

v.                                        1:17-cv-1006 (DNH/TWD)

JOHN DOES, as employees of The City of Schenectady,
and THE CITY OF SCHENECTADY,

                Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

LUIBRAND LAW FIRM, LLC                 KEVIN A. LUIBRAND, ESQ.
Counsel for Plaintiff
950 New Loudon Road
Latham, NY 12110

LEMIRE, JOHNSON & HIGGINS, LLC       APRIL J. LAWS, ESQ.
Counsel for Defendants
2534 Route 9
Malta, NY 12020

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## DECISION and ORDER

      In this civil rights action, Plaintiff Nicola Cottone alleges claims pursuant to 42 U.S.C. § 1983, along with state law claims. (Dkt. No. 1.) Currently pending before the Court is Plaintiff's motion to amend her complaint which also seeks to join as named parties City of Schenectady ("City") Police Officers Mark McCracken ("McCracken") and Andrew MacDonald ("MacDonald") in place of the John Doe Defendants. (Dkt. No. 17.) Defendant City opposes the motion insofar as it seeks to add City Police Officer MacDonald and to amend the 1983 claims to

include Officer MacDonald. (Dkt. No. 18.) Plaintiff filed a reply Memorandum of Law (Dkt. No. 21) in further support of her motion without permission as required by Local Rule 7.1; however, the Court has accepted and considered the reply. For the reasons that follow, Plaintiff's motion to amend and join Officers McCracken and MacDonald as parties is granted.

**I.      LEGAL STANDARDS**

    **A.      Joinder of Parties**

Rule 20 of the Federal Rules of Civil Procedure governs the permissive joinder of parties. Fed. R. Civ. P. 20. To join a party, the movant must satisfy two requirements. Rule 20 permits joinder of a plaintiff if:

> (A) he or she asserts any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

The two requirements for joining a defendant are the same as that for joining a plaintiff. *Compare* Fed. R. Civ. P. 20(a)(1) and Fed. R. Civ. P. 20(a)(2). In assessing whether the requirements of Rule 20(a) are met, courts must accept the factual allegations in a plaintiff's complaint as true. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009). The plaintiff bears the burden of demonstrating that joinder is warranted under Rule 20. *Id.* The requirements of Rule 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be

tried in a single proceeding. *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (quotation and citation omitted).

### B. Amendments to Pleadings

Generally, motions for leave to amend are analyzed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). Elaborating on this standard, the Supreme Court has explained:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should . . . be 'freely given.'

*Foman*, 371 U.S. at 182; *accord*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("[Leave to amend] should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.").

### C. Futility

A court measures futility under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Nettis v. Levitt*, 241 F.3d 186, 194 n.4 (2d Cir 2001) (*abrogated on other grounds by Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006)); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted). "The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 338 (E.D.N.Y. 2002) (citing *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)). The Court does not "weigh the evidence that might be presented at trial; instead, the Court must merely determine whether the complaint itself is legally sufficient." *Id.* (citing *Villager Pond, Inc.*, 56 F.3d at 378).

    **D.**    **Local Rule**

Under Local Rule 7.1, a proposed amended complaint "must be a complete pleading, which will supersede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." N.D.N.Y. R. 7.1(a)(4). Further, the motion must "identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means." *Id.*

## II.     ANALYSIS

### A.     Joinder of Parties

Initially, the Court notes that Defendant City does not oppose the addition of Officer McCracken as a new party defendant. (Dkt. No. 18.) As to adding Officer MacDonald and amending the municipal liability claim to include MacDonald, however, Defendant opposes the motion arguing the "proposed amendments would be futile as they fail to state a claim for which relief can be granted against Officer MacDonald or the City." (Dkt. No. 18 at 6.[1])

Regarding the addition of both Officers MacDonald and McCracken as a party defendants, and upon review of the original complaint and the proposed amended complaint, it is clear that the alleged wrongful conduct arises out of the same occurrences in September of 2016. The same questions of fact regarding the behavior alleged are common to all Defendants, as are the questions of law. In interpreting Rule 20(a) of the Federal Rules of Civil Procedure liberally as required, and accepting the factual allegations in Plaintiff's original complaint and proposed amended complaint as true for purposes of joining parties, I find judicial economy will be served by permitting the related claims against all Defendants including Officer MacDonald and Officer McCracken to be tried in a single proceeding. Therefore, the joinder of additional parties as sought in Plaintiff's proposed amended complaint is proper in this case.

### B.     Plaintiff's Amended Complaint

Defendant City argues that Plaintiff's motion is futile because discovery provided to date "clearly shows that Officer MacDonald did not use excessive force upon Plaintiff." (Dkt. No. 18

---

[1] Page references to documents identified by docket number are to the page numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

at 4.)  However, only limited initial and document discovery has been conducted thus far.  Moreover, Plaintiff's amended complaint clearly identifies Officer MacDonald as a police officer employee of the City at the relevant time and it identifies the specific constitutional or federal right that he allegedly violated.  (Dkt. No. 17-6 at ¶¶ 7, 31.[2])

To state a constitutional claim against a defendant pursuant to 42 U.S.C. § 1983, the plaintiff must allege that (1) "some person has deprived him [or her] of a federal right, and" (2) "the person who has deprived him [or her] of that right acted under color of state . . . law."  *Malay v. City of Syracuse*, 638 F. Supp. 2d 303, 311 (N.D.N.Y. 2009) (citations and internal quotation marks omitted).  Section 1983 "is not a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144-45 n. 3 (1979).  The plaintiff must identify the constitutional or federal right that the defendant allegedly violated.  *Robinson v. Webber*, Civ. No. 1:12-CV-698 (NAM/RFT), 2012 WL 4490878, at * 1, 2012 U.S. Dist. LEXIS 140433, at *4 (N.D.N.Y. June 11, 2012).

In order "to hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to . . . prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).  An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular

---

[2]  Where documents identified by docket number contain consecutively numbered paragraphs, the citations refer to paragraph numbers in the document.

deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees. *Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986); and *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Here, Plaintiff sufficiently identifies the constitutional rights that each proposed Defendant allegedly violated. The amended complaint (Dkt. No. 17-6) identifies and alleges facts tending to show that both Defendants MacDonald and McCracken were involved in yelling at and pushing Plaintiff while she was exhibiting emotional distress in their custody. (Dkt. No. 17-6 at ¶¶ 11-14.) The amended complaint further alleges that both officers applied excessive force to Plaintiff causing her to strike her head on a bench which injured her. *Id.* at ¶¶ 17-19. Plaintiff incorporated these factual allegations into her cause of action pursuant to 42 U.S.C. § 1983 by asserting that her right to freedom from the use of excessive force, and her right to be free from cruel and unusual punishment were violated. *Id.* at ¶¶ 30-33. Plaintiff further claims that the City policy makers did not adequately train its police officers, including MacDonald and McCracken, regarding how to properly respond to emotionally impaired individuals, and failed to properly supervise its officers in handling persons in custody who are exhibiting mental stress. *Id.* at ¶¶ 34-46.

As noted above, in reviewing whether a motion to amend made pursuant to Rule 15(a) of the Federal Rules of Procedure is futile, the court measures futility under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Nettis*, 241 F.3d at 194 n.4. Plaintiff's proposed amended complaint clearly contains a short and plain statement of the claims against Officer MacDonald showing that she is entitled to relief under Federal Rule of Civil Procedure 8(a)(2). The amended complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts as plead in the amended complaint support the Plaintiff's claims of violations of her civil rights under 42 U.S.C. §1983 which proximately caused injuries to her such that Plaintiff should be entitled to offer evidence to support the claims. Whether further discovery will reveal adequate facts to support the claims against Officer MacDonald remains to be seen. Nevertheless, the amended complaint is legally sufficient and therefore the proposed amendments are not futile. *Villager Pond, Inc.,* 56 F.3d at 378.

### C. Requirements of Local Rules

Local Rule 7.1(a)(4) requires that "[t]he motion must set forth specifically the proposed amendments and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means." Local Rule 7.1(a)(4).

> This rule is not merely technical in nature. One of the purposes of the requirement that motions to amend be accompanied by a copy of the proposed amended complaint is to enable the Court to examine the exact amendment that it is being asked to permit. Another of the purposes is to ensure that all of the allegations asserted against the

8

>       defendants named therein are contained in a single document, thereby
>       reducing the likelihood that a party will overlook one or more
>       allegations against him. Finally, this requirement eliminates the
>       confusing nature of piecemeal amended pleadings.

*Cusamano v. Sobek*, 604 F. Supp. 2d 416, 508 (N.D.N.Y. 2009) (internal citations, punctuation, and quotation marks omitted). Plaintiff did not provide a "red-lined version of the original pleading or other equivalent" to enable the Court to readily examine the proposed amended complaint. While Plaintiff's failure to meet the requirements of Local Rule 7.1(a)(4) is an independent ground upon which to deny her motion, *Brennan v. Roman Catholic Diocese of Syracuse N.Y., Inc.*, 5:09-CV-1015 (GTS/ATB), 2013 WL 6169674, at *6 (N.D.N.Y Nov. 20, 2013), the Court declines to do so here. However, Plaintiff should make every effort to meet the requirements of Local Rule 7.1 in the future.

### III.  CONCLUSION

In sum, the Court finds the amended complaint legally sufficient and therefore the proposed amendments concerning Officer MacDonald are not futile. Given the foregoing, the Court grants Plaintiff's motion to amend her complaint to include allegations against both Defendant Officers MacDonald and McCracken, in their individual capacity and as employees of Defendant City, and to include a *Monell* municipal liability claim against the City for Officer MacDonald's conduct.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's motion to amend is **GRANTED**; and it is further

**ORDERED** that Plaintiff is to file the amended complaint in accordance with this decision against the City, MacDonald, and McCracken by May 4, 2018, along with proposed summonses for new Defendants MacDonald and McCracken.

Dated: April 30, 2018
Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge